**SO ORDERED.**

**SIGNED this 03 day of December, 2009.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| HIGHWAY 751 PARTNERS, LLC, | 09-06564-8-JRL |
| DEBTOR. | |

ORDER

The matter before the court is the motion filed by JP Morgan Chase Bank, N.A. ("JP Morgan") for a determination that real property is not property of the estate, and alternative motion for relief from the automatic stay. A hearing took place in Raleigh, North Carolina on December 1, 2009.

Highway 751 Partners, LLC filed a petition for relief under chapter 11 of the Bankruptcy Code on August 5, 2009. The debtor owns real property in Mecklenburg County, North Carolina, and JP Morgan holds a deed of trust on the property securing the original principal amount of $3,040,000. On May 7, 2009, the substitute trustee began foreclosure proceedings in Mecklenburg County due to default in payments on the underlying note, and a foreclosure sale was scheduled for July 15, 2009. The bank was the only bidder at the foreclosure sale. Meanwhile, on May 11, 2009, JP Morgan filed a civil action against the debtor and Donald E. Phillips, the guarantor of the note, in Wake County, North Carolina to recover the sums due under the note plus attorney's fees and

costs. After the completion of the foreclosure sale, and on the last day of the upset bid period, a temporary restraining order was signed by a Wake County Superior Court Judge on motion of the debtor and guarantor, restraining the bank from filing a substitute trustee's deed "on or after July 27, 2009 until after August 3, 2009" and setting a preliminary injunction hearing for August 3, 2009. The preliminary injunction hearing commenced on August 3, 2009, and concluded on August 5, 2009. On August 5, 2009, Judge Michael R. Morgan orally denied the request for preliminary injunction and stated that the temporary restraining order would expire on its own terms.

JP Morgan now contends that the temporary restraining order expired on August 3, 2009, that the upset bid period resumed on the expiration of the temporary restraining order, and that the debtor no longer had any right or title to the property as of 5:00 p.m. on August 4, 2009. The debtor disagrees, contending that a new sale and notice was required after Judge Morgan denied the motion for the preliminary injunction, and that because the bankruptcy petition was filed prior to a new notice and sale period, the property is still owned by the debtor.

A number of interesting questions are presented here: When did the temporary retraining order expire? If it was on August 3 or 4, what was the effect of the expiration of the temporary restraining order while the preliminary injunction hearing was pending? What was the effect of the denial of the preliminary injunction? Finally, what was the effect of Judge Morgan's failure to fix a new time for the sale to be held pursuant to North Carolina General Statutes § 45-21.22(b)?

The issuance of an ex parte temporary restraining order is governed by Rule 65(b) of the North Carolina Rules of Civil Procedure.[1] That Rule provides, in relevant part:

---

[1] It is not clear to the court whether the temporary restraining order was issued on an ex parte basis or with notice to JP Morgan. The order itself provides that "[t]he parties are properly before the court," but does not otherwise indicate whether all of the parties appeared or had notice. If the

> Every temporary restraining order granted without notice shall be endorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after entry, not to exceed 10 days, as the judge fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period.

N.C. Gen. Stat. § 1A-1, Rule 65(b). If the temporary restraining order was granted without notice, it was to be endorsed with the date an hour of issuance. This order was dated by Judge Manning on July 24, 2009, but he did not indicate the hour of issuance. The order was filed with the clerk's office and entered of record on July 27, 2009, at 11:28. If Judge Manning intended to fix an expiration of the order, he did so using the phrase "until after August 3, 2009." The same order set August 3, 2009 as the date on which the parties would appear and argue whether a preliminary injunction should be entered.[2] Presumably, if Judge Manning intended to fix an expiration of the order, rather than allow it to expire by operation of the Rule, he did not intend for the temporary restraining order to expire prior to a determination on the motion for preliminary injunction, "*after* August 3, 2009."

If Judge Manning did not intend to fix an expiration date, then by the terms of Rule 65(b), it expired 10 days "after entry." Pursuant to Rule 58, a judgment is "entered" when it is "reduced to writing, signed by the judge, *and filed* with the clerk of court." N.C. Gen. Stat. § 1A-1, Rule 58. Nothing in Rule 65(b) suggests that "entry" has a different meaning for purposes of Rule 65; in fact,

---

temporary restraining order was issued with notice to JP Morgan, then Rule 65 does not apply and it would not be subject to the Rule's 10-day limitation. Instead, it would extend through the conclusion of the preliminary injunction hearing on August 5, 2009, when it was dissolved by Judge Morgan. Because the parties' arguments assumed the application of Rule 65(b), the court infers that it was an ex parte order.

[2] August 3, 2009 was also the tenth day after Judge Manning signed the temporary restraining order.

3

case law confirms that a temporary restraining order is not effective until filed by the clerk. See Onslow County v. Moore, 129 N.C. App. 376, 388, 499 S.E.2d 780, 788 (1998) (Rule 58 applies to judgments *and* orders; party cannot be held in contempt for violations of injunction that occurred after order issued but prior to order being filed with clerk). The temporary restraining order was not filed with the clerk and entered of record until July 27, and would thus expire by Rule on August 6, 2009, after the debtor filed its bankruptcy petition.[3]

The court concludes that because the temporary restraining order was not entered on the record until July 27, it did not expire until August 6. Even if the temporary restraining order expired at 5:00 p.m. on August 3, however, the upset bid period did not terminate at 5:00 p.m. on August 4, 2009. North Carolina General Statutes § 45-21.22(b) provides that "[w]hen, after the date fixed for a sale, a judge dissolves an order restraining or enjoining the sale, he shall by order fix the time and place for the sale to be held upon notice to be given in such manner and for such length of time as he deems advisable." Here, whether by stating that the temporary restraining order was "dissolved" or by denying the motion for a preliminary injunction, Judge Morgan effectively "dissolved an order restraining or enjoining the sale" and he should have set a new sale date and period for notice.[4] Section 45-21.22(b) (and, similarly, 45.21.22(c), which applies when a

---

[3] Indeed, because Judge Manning did not indicate the time he signed the order, the only indication of when it was "issued" is the file stamp of the clerk.

[4] At the hearing, Judge Morgan stated both that he was "dissolving" the temporary restraining order and that he was allowing it to expire on its own terms.

> I'm not comfortable going beyond my authority to just dissolve – once the TRO is dissolved, the preliminary injunction matter comes into being in terms of whether or not it's going to be allowed or denied. I've denied it. . . . I won't be extending the time or doing anything other than dissolving the temporary restraining order upon denial of the preliminary injunction. I don't – I will be doing nothing other than allowing the TRO to expire on its own terms while denying the preliminary injunction. I don't want to invoke the operation of any other laws that may be

4

bankruptcy petition is filed during the upset bid period and the automatic stay is subsequently terminated) contemplates that a new sale will be conducted with some notice period, not that the upset bid period will resume for whatever time was remaining when the injunction was entered, after an injunction is issued and dissolved.[5] Because no new sale date was set, the property is still owned by the debtor.

In conclusion, the court finds that the temporary restraining order did not expire until August 6, 2009, and thus the debtor still retained its ownership interest in the property when it filed its petition on August 5, 2009. However, even if the temporary restraining order expired on August 4, 2009, the upset bid period did not resume on that date with only one day remaining, and the failure of the state court judge to set a new sale date and notice period resulted in the debtor's retention of its interest in the property such that it remains property of the bankruptcy estate.

Having reached this result, the court on its own motion postpones the hearing on the alternative request for relief from the automatic stay. The confirmation hearing in this case is

---

inconsistent with this ruling.
August 5, 2009 Hrg. T'script at 18. No written order has been entered.

[5] The bank relies on Carlisle v. Commodore Corp., 15 N.C. App. 650, 656, 190 S.E.2d 703, 707 (1972), for the proposition that only one day remained in the upset bid period after the temporary restraining order expired, and thus the upset bid period expired on August 4, 2009. In that case, both a temporary restraining order and a preliminary injunction were entered after the foreclosure sale, but ultimately the action was dismissed and the substitute trustee was directed to convey the properties "in accordance with the foreclosure proceedings thus far." The court of appeals held that the upset bid period had been tolled with the entry of the temporary restraining order (though it could not determine when the upset bid period began to run because it was not clear when the report of sale was filed), and required the upset bid period to remain open for an additional ten days. The court did not require a new sale date, but it also did not refer to § 45-21.22(b). The statute seems clear to this court, and the court does not find it appropriate to ignore its requirements in spite of the seeming contradiction in the case law.

scheduled for December 9, 2009, and if the plan is not confirmed, the court will consider terminating the stay at that time.

**END OF DOCUMENT**