**SO ORDERED.**

**SIGNED this 15 day of January, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| HIGHWAY 751 PARTNERS, LLC, | 09-06564-8-JRL |
| DEBTOR. | |

ORDER DENYING CONFIRMATION OF PLAN
AND TERMINATING AUTOMATIC STAY

The matters before the court are the final approval of disclosure statement and confirmation of the debtor's chapter 11 plan. A hearing took place in Raleigh, North Carolina on December 18, 2009.

Highway 751 Partners, LLC filed a petition for relief under chapter 11 of the Bankruptcy Code on August 5, 2009. The debtor owns a 30-acre parcel of real property in Mecklenburg County, North Carolina. JPMorgan Chase Bank holds a note secured by a deed of trust on the real property with an approximate balance of $3,000,000. The debtor contends that the property has a value of just below $4,000,000. The chapter 11 plan proposes to sell the property to a related company, Phillips Mallard Creek, LLC, on or before March 31, 2010, and that all creditors will be paid in full from the sale proceeds. Essentially, the debtor requests 90 days to sell the property and pay all creditors, failing which it will allow JPMorgan Chase to foreclose. At the hearing, the debtor

presented evidence that Phillips Mallard Creek has applied for a $25 million loan from HUD, and that it anticipates closing on that loan and on the purchase of the debtor's property prior to March 31, 2010. JPMorgan Chase opposes confirmation and seeks relief from the automatic stay to foreclose immediately.

The debtor's plan is comprised of six classes, two of which are non-insider impaired classes. The debtor filed its ballot report on December 16, 2009. The report shows that only one class cast a ballot: Class IV, which represents the secured claim of JPMorgan Chase. JPMorgan Chase rejected the plan. No creditors in Class V, the general unsecured claims, cast a ballot.

The debtor contended that it should be allowed to "cram down" the plan over JPMorgan Chase's objection pursuant to 11 U.S.C. § 1129(b). However, a condition of confirming a plan under § 1129(b) is that all provisions of § 1129(a), except § 1129(a)(8), must be satisfied. Section 1129(a)(10) requires that "[i]f a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider." Here, the only non-insider impaired classes are the general unsecured creditors and JPMorgan Chase, neither of which has accepted the plan. JPMorgan Chase rejected the plan, and none of the general unsecured creditors cast a ballot. "The failure of a creditor to cast a ballot does not result in the acceptance of the plan by that creditor." In re Smith, 357 B.R. 60, 69 (Bankr. M.D.N.C. 2006) (citing In re Jim Beck, Inc., 207 B.R. 1010, 1015 (Bankr. W.D. Va. 1997), aff'd, 214 B.R. 306 (W.D. Va. 1997), aff'd, 162 F.3d 1155 (4th Cir. 1988)).

Unfortunately, because the debtor failed to obtain ballots from Class V, and the only other non-insider impaired class rejected the plan, the court has no authority to confirm the plan.

This case is a single-asset real estate case as defined in § 101(51B).  Pursuant to § 362(d)(3), if the debtor has not proposed a confirmable plan within 90 days of the order for relief or has not commenced monthly interest payments, the court must grant relief from the automatic stay in favor of a creditor whose claim is secured by the real estate.  Because the debtor's plan cannot be confirmed and the debtor has made no payments to JPMorgan Chase, the stay is terminated in favor of JPMorgan Chase, effective 14 days from the date of this order pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

**END OF DOCUMENT**