SO ORDERED.

SIGNED this 22 day of February, 2010.

_____
J. Rich Leonard
United States Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:                                                    CASE NO.

**HIGHWAY 751 PARTNERS, LLC,**                            **09-06564-8-JRL**

    DEBTOR

### ORDER DENYING MOTION TO RECONSIDER AND MOTION FOR STAY

The matters before the court are the motions filed by the chapter 11 debtor, Highway 751 Partners, LLC, to reconsider this court's order dated January 15, 2010, denying confirmation of the debtor's plan of reorganization and terminating the automatic stay in favor of JPMorgan Chase Bank, N.A., and to stay any action by creditors against property of the estate while the motion is pending. For the following reasons, the motions will be denied.

Highway 751 Partners, LLC filed a petition for relief under chapter 11 of the Bankruptcy Code on August 5, 2009. The debtor owns a 30-acre parcel of real property in Mecklenburg County, North Carolina. JPMorgan Chase holds a note secured by a deed of trust on the real property with an approximate balance of $3,000,000. The debtor contends that the property has a value of just below $4,000,000. The debtor's chapter 11 plan, which was set for hearing on confirmation on December 18, 2009, proposed to sell the property to a related company, Phillips Mallard Creek, LLC, on or before March 31, 2010, and that all creditors would be paid in full from the sale

proceeds.  Essentially, the debtor requested 90 days to sell the property and pay all creditors, failing which it would allow JPMorgan Chase to foreclose.  At the hearing, the debtor presented evidence that Phillips Mallard Creek had applied for a $25 million loan from HUD, and that it anticipated closing on that loan and on the purchase of the debtor's property prior to March 31, 2010.  JPMorgan Chase opposed confirmation and sought relief from the automatic stay to foreclose immediately.

The debtor contended that it should be allowed to "cram down" the plan over JPMorgan Chase's objection pursuant to 11 U.S.C. § 1129(b).  However, the debtor received no ballots from any impaired non-insider claimants other than JPMorgan Chase, which rejected the plan, and the court ruled at the hearing that it had no authority to confirm the plan.  Because the case is a single-asset real estate case, the court then granted JPMorgan Chase's motion for relief from the automatic stay pursuant to § 362(d)(3).  The court's order was entered on January 15, 2010.

On January 7, 2010, the debtor filed an amended plan of reorganization providing that the property would be sold on or before June 30, 2010, and that it would pay $10,000 per month as adequate protection to JPMorgan Chase beginning on March 1, 2010.  On January 27, 2010, the debtor moved for reconsideration of the court's January 15, 2010 order, seeking to have the court consider confirmation of the amended plan.  The debtor attached affidavits from impaired non-insider creditors indicating that they would vote in favor of the plan if the motion to reconsider is allowed.  In addition, the debtor sought a stay of all creditor actions against the estate pending reconsideration.  JPMorgan's foreclosure sale is scheduled for February 22, 2010.

Unfortunately, the decisions the debtor seeks to overturn are rulings upon which the court had no discretion.  The court could not have confirmed the debtor's plan on December 18, 2009, because there were no votes in favor of the plan by a non-insider impaired class.  Section

2

1129(a)(10) requires that "[i]f a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider."  Though the debtor now submits affidavits of support for the amended plan, that plan provides different treatment of the secured creditor and may or may not be confirmable even with those votes.  In any event, the affidavits are too late.

The debtor also contends that the court could have crafted a remedy short of terminating the automatic stay in favor of JPMorgan Chase; however, § 362(d)(3) is mandatory: where the case is a single asset real estate case, upon request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay unless the debtor files a confirmable plan of reorganization within 90 days of the order for relief or the debtor commences monthly adequate protection payments within 90 days of order for relief.  Ninety days from the order for relief expired on November 3, 2009.  Even if the debtor's amended plan were confirmable, it was not filed within 90 days of the order for relief and no monthly payments would begin until March 1, 2010.  Thus, JPMorgan Chase would still be entitled to relief from the automatic stay pursuant to § 362(d)(3).  The court disagrees with the debtor's reading of § 362(d)(3) that the court could have crafted a less drastic remedy, and further disagrees that because the debtor filed its amended plan within the time allowed for a small business debtor, the court could somehow ignore the 90-day requirement for single asset real estate debtors.

It remains the court's hope that the debtor's original proposal to close on its HUD loan and pay all of its creditors in full by March 31, 2010, possibly in conjunction with its offer to pay $10,000 per month in adequate protection payments, will be satisfactory to JPMorgan Chase so that all of the creditors of this estate may be paid.  However, the court does not have the authority under

the Bankruptcy Code to force this treatment on JPMorgan Chase, and the motion to reconsider is

**DENIED**.  Because the court has determined that the motion to reconsider should be denied, the

motion for stay is similarly **DENIED**.

       **SO ORDERED**.

**END OF DOCUMENT**
